# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| TRUSTEES OF THE TEXAS IRON WORKERS' PENSION TRUST FUND, *et al.*, | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | |
| DOUGLAS A. LARSON, *et al.*, Defendants, | § § § § § | CIVIL ACTION NO. H-05-0324 |
| ORION CONSTRUCTION GROUP, L.L.C. Third-Party Plaintiff, | § § § § § | |
| v. | § § | |
| IRON WORKERS' DISTRICT COUNCIL OF THE STATE OF TEXAS, *et al.*, Third-Party Defendants. | § § § § § | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion to Dismiss ("Motion") [Doc. # 23] filed by Third-Party Defendants Iron Workers' District Council of the State of Texas ("IWDC") and Texas Iron Workers Local Union No. 263 ("Local 263"). Defendant and Third-Party Plaintiff Orion Construction Group, L.L.C. ("Orion") filed a response in opposition to the Motion ("Response") [Doc. # 26], and Third-Party Defendants

filed a reply [Doc. # 27]. The Court has carefully reviewed the full record in this case, as well as the relevant legal authorities. Based on this review, the Court concludes that the Motion to Dismiss should be **denied without prejudice**. However, the parties shall clarify whether there is evidence Orion signed or otherwise adopted the collective bargaining agreement in issue and comply with the Court's directive below.

I.     <u>**FACTUAL AND PROCEDURAL BACKGROUND**</u>

This suit was instituted by Plaintiffs, the Trustees of the Texas Iron Workers' Pension Trust Fund, Trustees of the Texas Iron Workers' Health Benefit Trust Fund, Trustees of the Texas Iron Workers' Defined Contribution Retirement Plan, Trustees of the Texas Iron Workers' Vacation Fund, and Trustees of the Texas Iron Workers and Employers' Apprenticeship Training and Journeyman Upgrading Fund, seeking unpaid contributions to various trust funds created for members of the IWDC and Local 263. Plaintiffs' Original Complaint ("Complaint"), ¶¶ 1, 4-8. These funds were previously established in the collective bargaining agreement between IWDC and the Texas Iron Workers Employers' Association ("CBA").[1] *See* CBA, Exhibit B to Motion, at 8-10.

In September 2004, Orion entered into a written agreement with IWDC captioned "Agreement for Adoption of Texas Iron Workers' Funds" ("Adoption

---

[1]     In their briefing, the parties also refer to the CBA as the "Standard Form Agreement."

Agreement"). *See* Adoption Agreement, Exhibit A to Motion. Apparently, Orion utilized IWDC workers to construct wind turbines in or around Sweetwater, Texas. *See id.*

In the Adoption Agreement, Orion agreed to contribute to various employee benefit funds for the benefit of IWDC's members. *Id.* Furthermore, Orion agreed to be bound by the terms of the applicable trust agreements that established these different funds. *Id.* Nothing in the Adoption Agreement indicates Orion adopted the CBA itself. *See id.* Neither Orion nor Third-Party Defendants have presented the Court with any evidence that Orion adopted the CBA itself or any portion thereof.[2]

---

[2] Indeed, the Adoption Agreement is designed for employers who are not signatories of the CBA. The Adoption Agreement states *inter alia*:

> WHEREAS, the Trust Agreement establishing the Funds provided that employers that are not bound by a Collective Bargaining Agreement requiring contributions to the Funds may adopt the fund; and
>
> WHEREAS, the undersigned Employer desires to adopt certain of the Funds and agrees to abide by the terms and provisions thereof;
>
> NOW THEREFORE, the parties hereto agree as follows:
>
> (1)  The undersigned Employer hereby adopts the Applicable Funds and agrees to be bound by all the terms, provisions, limitations and conditions of the Trust Agreements establishing such Funds.
>
> (2)  The Employer agrees to contribute to the Applicable Funds with respect to the Employees the amount required to be contributed under the current Collective Bargaining Agreement at the times and in the amounts set forth therein, and in accordance with the Trust Agreements establishing the Applicable Funds as they may be amended from time to time.

On February 2, 2005, Plaintiffs filed suit against Orion and Defendant Douglas Larson. *See* Complaint, ¶ 9. Plaintiffs allege that "Defendants breached their agreements with Plaintiffs by failing to make requisite payments of monthly employer contributions to Plaintiffs' Trust Funds." *Id*., ¶ 15. Plaintiffs plead multiple theories of recovery. Count one alleges ERISA violations and breach of contract. *Id*., ¶¶ 14-22. Count two alleges a breach of fiduciary responsibility. *Id*., ¶¶ 22-28. Count three is a claim for injunctive relief. *Id*., ¶¶ 29-37.

On June 30, 2005, Orion responded by filing a third-party complaint against the Third-Party Defendants [Doc. # 19]. *See* Orion's Third-Party Complaint ("Third-Party Complaint"). Orion alleges the Third-Party Defendants were obligated to furnish skilled and/or journeymen workers. *Id*., ¶ 4. Orion contends amounts owed to Plaintiffs' funds were "based on an assumption that the workers provided by [Third-Party Defendants] . . . were actually journeymen." *Id*., ¶ 6. Orion insists the Third-Party Defendants did not supply workers with the agreed-upon skill level. *Id.* Orion further alleges that such failure amounted to a breach of contract and fraud. *Id*., ¶ 9. Orion concludes the Third-Party Defendants' breach and fraud caused damages by inflating Plaintiffs' charges. *Id*., ¶¶ 6-9.

## II. ANALYSIS

Third-Party Defendants move to dismiss the Third-Party Complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). The Third-Party Defendants argue this Court lacks subject matter jurisdiction over the claims presented in the Third-Party Complaint because "Orion and Third-Party Defendants have entered into a collective bargaining relationship that has within in it a provision for arbitration of all disputes arising under the agreement, including any claims such as those asserted in this action against Third-Party Defendants by Orion." Motion, ¶ 1. This Court disagrees.

"In ruling on a motion to dismiss for lack of subject matter jurisdiction, a court may evaluate (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001) (citing *Barrera-Montenegro v. United States,* 74 F.3d 657, 659 (5th Cir. 1996)). Furthermore, this Court must accept all factual allegations in the plaintiff's complaint as true. *See id.* (citing *Williamson v. Tucker,* 645 F.2d 404, 412 (5th Cir. 1981)). Accordingly, unlike a motion to dismiss

for failure to state a claim, this Court's examination here is not limited to the pleadings.[3]

It is well-settled that "[a]rbitration is 'a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit.'" *PaineWebber Inc. v. Chase Manhattan Private Bank (Switz.)*, 260 F.3d 453, 462 (5th Cir. 2001) (quoting *United Steelworkers of Am. v. Warrior & Gulf Nav. Co.*, 363 U.S. 574, 582 (1960)). Therefore, the Court must first determine whether the parties entered into a valid agreement to arbitrate their dispute. *See Banc One Acceptance Corp. v. Hill*, 367 F.3d 426, 429 (5th Cir. 2004). "Although there is a strong federal policy favoring arbitration, this federal policy favoring arbitration does not apply to the determination of whether there is a valid agreement to arbitrate between the parties." *Will-Drill Res., Inc. v. Samson Res. Co.*, 352 F.3d 211, 214 (5th Cir. 2003) (internal quotations and citations omitted). In deciding whether the parties entered into a valid agreement to arbitrate, courts apply general contract principles. *Id.*

The dispute here is based upon Orion's contention that the Third-Party Defendants, by supplying less-skilled workers than the parties' agreement mandated,

---

[3] *Compare Den Norske Stats Oljeselskap As,* 241 F.3d at 424 (noting courts may consider facts in the record in evaluating a motion to dismiss for lack of subject matter jurisdiction), *with* FED. R. CIV. P. 12(b) ("In considering a motion to dismiss for failure to state a claim, a district court must limit itself to the contents of the pleadings, including attachments thereto.").

contributed to Plaintiffs' damages. The Third-Party Defendants maintain this Court does not have subject matter jurisdiction over this dispute because the CBA Orion purportedly adopted contains an arbitration provision. This provision states that the arbitrator "shall have jurisdiction over all questions involving the interpretation and application of any section of this Agreement." CBA, at 16. However, Orion claims in the Response that it never signed the CBA or adopted its arbitration procedure. Response, ¶¶ 2-3. Accordingly, the Court's analysis hinges on the threshold issue of whether Orion agreed to the CBA and its arbitration procedure. *See PaineWebber Inc.*, 260 F.3d at 462; *Banc One Acceptance Corp.*, 367 F.3d at 429.

Nothing in the record indicates Orion agreed to arbitrate this or any other dispute. In the Adoption Agreement, Orion merely agrees (1) to adopt the Plaintiffs' funds and to be bound by the agreements establishing such funds; and (2) to contribute to Plaintiffs' funds in the amounts and under the conditions specified in the CBA. *See* Adoption Agreement. The Third-Party Defendants point to nothing in the Adoption Agreement that Orion adopted the CBA or any portions thereof, *see id.*, nor elsewhere to show that Orion agreed to arbitrate any disputes. Consequently, on the record presented, the Third-Party Defendants' motion to dismiss for lack of subject matter jurisdiction is denied.

For the same reason, to the extent Orion's claim is based on the CBA, the viability of that claim is in serious doubt. The Court recognizes that Orion inconsistently alleges in the Third-Party Complaint, paragraph 4, that Orion adopted the CBA. Rule 11 of the Federal Rules of Civil Procedure requires Orion to have a good-faith factual basis for its pleading allegations. *E.g., Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found., Inc.*, 484 U.S. 49, 65 (1987); *Hale v. Harney*, 786 F.2d 688, 692 (5th Cir. 1986).

Accordingly, if the parties have evidence that Orion signed the CBA or otherwise adopted it, despite Orion's denial in response to the Motion to Dismiss, then Orion will be required to arbitrate the third-party dispute as provided for in the CBA. *See* 29 U.S.C. § 185; *AT&T Techns., Inc. v. Comm'ns Workers of Am.*, 475 U.S. 643, 648-49 (1986)*; United Steelworkers of Am. v. Warrior & Gulf Navig. Co.*, 363 U.S. 574, 582-83 (1960); *Smith v. Transp. Workers Union of Am.*, 374 F.3d 372, 374-75 (5th Cir. 2004). Orion shall therefore, within five business days of entry of this Order, either (1) confirm in writing to the Court that it did not sign the CBA or adopt it through another writing, in which case Orion shall file an amended third-party complaint to conform with the facts or dismiss voluntarily its third-party claims, **or** (2) confirm that Orion did subscribe to the CBA and consent to arbitrate the third-party claims. Orion

cannot have it both ways and its mutually exclusive inconsistent pleadings will not be tolerated.

## III. CONCLUSION AND ORDER

There is no evidence before the Court indicating Orion agreed to arbitrate any disputes with the Third-Party Defendants. Accordingly, it is hereby

**ORDERED** that IWDC and Local 263's Motion to Dismiss [Doc. # 23] is **DENIED without prejudice**.

SIGNED this **30th** day of **September 2005**.

_____
Nancy F. Atlas
United States District Judge